THOMAS T. AHRENBERG AND OTHERS, RESPONDENTS, *v.* JAMES A. WRIGHT AND OTHERS, APPELLANTS.

*Charter party — guaranty as to the condition of the vessel — to what time the guaranty relates.*

APPEAL from a judgment in favor of the plaintiffs, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The court at General Term said: " The charter party on which this action was brought was executed in London on the 7th of January, 1879. It contained the following words: ' Guaranteed

to class A 1¼ in Am. Lloyds.'    The ship was then at Trieste, or had already left that port for New York.

" The main question of the case is as to the meaning of the clause just quoted.    On the part of the defense it is claimed that the words 'guaranteed to class A 1¼ in Am. Lloyds' means that the vessel is of the class stated at the time of the execution of the charter party, while on the part of the plaintiff it is insisted that those words mean that she shall be of that class at the time she is ready to enter upon the performance of the charter party.

" The court below ruled in favor of the plaintiff's contention. We think that ruling is correct.    The vessel was in a foreign port or on the sea in the course of a voyage from a foreign port to New York.    Her exact condition was not known, and it cannot be assumed to have been the intention that the defendants should accept her under the charter party, if when she reached New York she proved to be in a condition which would require her class to be rated differently than that guaranteed in the charter party.

" The description in a charter party of a ship as A 1 warrants that she is so at the time of making the charter party, not that she will continue to remain so.    This point was determined in *Hurst* v. *Cobora* (36 Eng. Law and Eq., 299).    In that case the vessel was described as rated A 1 at the time of entering into the charter party, but being then on a voyage she met with disaster after that date. The court held that it was sufficient to satisfy the charter that she was in fact A 1 at the time of making it, and that there was no guaranty that she would continue to remain in that condition.    But the language in this case is quite different, for the 'Solide' is not described as being A 1¼, but she is guaranteed to class A 1¼ in Am. Lloyds, which we think must be held to signify that she shall be in that condition and class when tendered upon the charter party at her port of destination."    *    *    *

*J. E. Parsons*, for the appellants.

*W. W. Goodrich*, for the respondents.

Opinion by DAVIS, P. J.; DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment affirmed.